IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF BONITZ, INC. F/K/A BONITZ FLOORING GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GCB JV1, LLC, THE HANOVER INSURANCE COMPANY, AND HARTFORD FIRE INSURANCE COMPANY, <br><br> Defendants. | Civil Case No.: <u>2:23-cv-4088-BHH</u> <br><br> **COMPLAINT** |

Plaintiff, United States of America, for the use of Bonitz, Inc. f/k/a Bonitz Flooring Group, Inc. ("Plaintiff" or "Bonitz"), by and through its undersigned counsel, complaining of Defendants GCB JV1, LLC ("GCB"), The Hanover Insurance Company ("Hanover"), and Hartford Fire Insurance Company ("Hartford") (collectively referred to as "Defendants"), alleges and says:

**PARTIES AND JURISDICTION**

1. Bonitz Flooring Group, Inc. is incorporated in South Carolina. Bonitz Flooring Group, Inc. merged with Bonitz, Inc. in 2018. Bontiz, Inc. is incorporated in South Carolina with its principal place of business in North Carolina.

2. Defendant GCB is a limited liability company organized and existing under the laws of Florida with a principal address of 6706 N. 9th Avenue, Suite C-6, Pensacola, Florida 32504.

3. Defendant Hanover is a corporation organized and existing under the laws of the state of New Hampshire with a principal place of business at 440 Lincoln Street, Worcester, Massachusetts 01653.

4. Defendant Hartford is a corporation organized and existing under the laws of the state of Connecticut with a principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

5. GCB was involved as contractor, and Hanover and Hartford as sureties, for the construction, alteration, or repair of a public building or public work located at the Charleston Air Force Base and more specifically described as High Altitude Airdrop Mission Center, Contract No. N69450-20-F-0877, Project No. 0920-0877 ("Project").

6. At all relevant times, GCB served as the general contractor on the Project.

7. At all relevant times, Hanover and Hartford were authorized to issue payment bonds on construction projects in South Carolina.

8. At all relevant times, Hanover and Hartford were licensed sureties for GCB, issuing performance and payment bonds for the benefit of the Project pursuant to 40 U.S.C. § 3131 *et seq*. ("the Miller Act").

9. This Court has personal jurisdiction over each Defendant because they each knowingly assisted with the Project in Charleston County, South Carolina, and purposefully availed themselves of the benefits and protections of the state of South Carolina.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the breach of contract claim in Count II. The breach of contract claim derives from the same common nucleus of operative fact as the Miller Act claim and forms part of the same case or controversy.

11. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, pursuant to § 3133(b)(3)(B) of the Miller Act, because of the Project's location in Charleston County, South Carolina.

## FACTUAL BACKGROUND

12. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 11 above.

13. The United States, via the Naval Facilities Engineering Systems Command Southeast ("Owner"), entered into a written contract with GCB, by which GCB agreed to serve as the general contractor and perform construction services on the Project ("Prime Contract").

14. In accordance with 40 U.S.C.A. § 3131, GCB, as principal, and Hanover and Hartford, as surety, executed an enforceable agreement in which GCB, Hanover and Hartford bound themselves jointly and severally to make payment to all persons supplying labor and material in the execution of the work provided for in the Prime Contract ("Payment Bond").[1] A true and accurate copy of the Payment Bond is attached hereto and incorporate by reference into Exhibit A.

15. Upon the execution of the Prime Contract and the Payment Bond, GCB commenced work on the Project.

16. On or about June 29, 2021, GCB, as general contractor on the Project, entered into a subcontract agreement with Bonitz ("Subcontract") pursuant to which Bonitz agreed to furnish all material, labor, equipment, and services necessary to complete installation of drywall, interior framing, insulation installation, hollow metal door frame installation, and other work for the Project.

17. Bonitz was a first-tier subcontractor of GCB, and the work performed by Bonitz was required to be performed by GCB under its contract with Owner.

18. Bonitz furnished labor and materials for the Project under the Subcontract through October 7, 2022.

---

[1] The Payment Bond bears Hanover Insurance Company Bond No. 104109 and Hartford Fire Insurance Company Bond No. 42BCSII1331.

19. Bonitz invoiced GCB for the labor and materials furnished to the Project pursuant to the Subcontract ("Subcontract Balance").

20. GCB has failed to remit full payment of the Subcontract Balance to Bonitz, thereby defaulting on the Subcontract.

21. As of the date of the filing of this Complaint, GCB is indebted to Bonitz in the principal amount of $150,641.43, plus interest.

22. Bonitz has a direct contractual relationship with GCB through the Subcontract. As such, Bonitz was not required to provide written notice of the amount claimed under 40 U.S.C. § 3131(b)(2).

23. More than ninety (90) days but less than one year has elapsed since Bonitz last performed work or supplied materials in connection with the Project.

24. Upon information and belief, GCB has received payment from Owner for the work Bonitz performed pursuant to the Subcontract. After receiving payment from Owner for the work Bonitz performed on the Project, GCB failed to pay Bonitz for such work within seven days.

25. Bonitz has complied with all requirements and conditions precedent to seeking recovery of the amounts owed to it.

## COUNT I
### (Breach of Contract Against GCB)

26. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 15.

27. GCB, as a contractor on the Project, entered into the Subcontract with Bonitz under which Bonitz furnished material, labor, equipment, and services. The scope of work included all material, labor, equipment, and services necessary to complete the agreed-upon installation of drywall, interior framing, insulation installation, hollow metal door frame installation, and other work for the Project.

28. After execution of the Subcontract, Bonitz furnished the material and labor necessary to complete the agreed-upon installation of drywall, interior framing, insulation installation, hollow metal door frame installation, and other requirements for the Project.

29. Bonitz fully performed Bonitz's obligations under the Subcontract.

30. GCB breached the Subcontract by failing to pay Bonitz amounts due and owing under the Subcontract.

31. As a result of GCB's material breach of the Subcontract, Bonitz has suffered principal damages in the amount of $150,641.43, plus interest, costs, and attorneys' fees.

## COUNT II
### (In the Alternative, *Quantum Meruit* against GCB)

32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31.

33. Bonitz conferred upon GCB a benefit by furnished the material and labor necessary to complete the agreed-upon installation of drywall, interior framing, insulation installation, hollow metal door frame installation, and other requirements for the Project – requirements that were the primary responsibility of GCB under the Prime Contract with Owner.

34. GCB realized the benefit conferred by Bonitz.

35. Bonitz did not furnish the labor, equipment, and materials gratuitously, and Bonitz expected payment for such labor and materials from GCB.

36. GCB knew or should have known that Bonitz expected payment for the labor, equipment, and materials.

37. Full payment for the labor, equipment, and materials supplied to GCB by Bonitz has not been made

38. Both GCB and Owner have accepted Bonitz's work, and GCB has not notified Bonitz that its work is deficient, defective, incorrect, or otherwise non-conforming. Therefore, it would be unjust for GCB to retain the benefit Bonitz conferred without paying its value.

39. Bonitz is entitled, in the alternative to its claim for Breach of Contract against GCB, to an award of $150,641.43, plus interest at the highest rate allowed by law.

## COUNT III
### (Payment Bond Claim Against Hanover and Hartford)

40. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39.

41. Prior to beginning work on the Project, GCB (as principal) and Hanover and Hartford (as sureties) executed the Payment Bond wherein GCB, Hanover and Hartford bound themselves, jointly and severally, to the United States of America in the penal sum of $3,859,162.90.

42. Bonitz furnished labor and materials to the Project under the Subcontract through October 7, 2022.

43. The Payment Bond covers the labor, materials, equipment, and services that Bonitz provided pursuant to the Subcontract.

44. Bonitz is an intended beneficiary of the Payment Bond.

45. Upon information and belief, GCB has received payment from Owner for the Subcontract Balance.

46. GCB refuses to remit full payment of the Subcontract Balance to Bonitz, thereby defaulting on the Subcontract.

47. Both GCB and Owner have accepted the work that Bonitz provided pursuant to the Subcontract.

48. GCB has failed to remit payment to Bonitz for its work pursuant to the terms of the Subcontract and 31 U.S.C. § 3905.

49. GCB has not rejected any of Bonitz's work, nor has GCB notified Bonitz that its work is deficient, defective, incorrect, or otherwise non-conforming.

50. Bonitz has complied with all requirements and conditions precedent to seeking recovery of the amounts owed to it.

51. As of the date of the filing of this Complaint, the Subcontract Balance due for the labor, materials, and services Bonitz furnished to the Project is the principal amount of $150,641.43, plus interest.

52. Bonitz is entitled to recover under the Payment Bond from GCB, Hanover and Hartford, jointly and severally, the principal sum of $150,641.43, plus interest, attorneys' fees, and costs as allowed by law.

## MOTION TO STAY ACTION PENDING ARBITRATION

53. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52.

54. Under the Subcontract, GCB and Bonitz agree to a dispute resolution procedure.

55. Paragraph 11 of the Subcontract delineates the agreed-upon dispute resolution procedure between the Bonitz and GCB.

56. In the event of a dispute, Bonitz and GCB must first attempt to negotiate a resolution. If negotiations are unsuccessful, Bonitz and GCB agreed to enter into a binding Arbitration governed by the American Arbitration Association ("AAA") Commercial and/or Construction Arbitration Rules.

57. The arbitration provision of the Subcontract is binding pursuant to the Federal Arbitration Act housed in 9 U.S.C. § 1, *et seq*.

58. A dispute between GCB and Bonitz has arisen out of and relate to the Subcontract and is, therefore, subject to negotiation and arbitration. The parties have negotiated to no avail and, in accordance with the terms of the Subcontract, Bonitz intends to file a Demand for Arbitration with the AAA.

59. Bonitz hereby moves for an Order, pursuant to, *inter alia*, 9 U.S.C. § 3, allowing the litigation to be stayed while the GCB and Bonitz engage in arbitration.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America, for the use of Bonitz, respectfully asks the Court:

1. That Bonitz have and recover judgment against GCB for breach of the Subcontract in the principal amount of $150,641.43, plus interest thereon at the highest legal rate allowed by law;

2. That Bonitz have and recover judgment against GCB under its claim for *quantum meruit* in the principal amount of $150,641.43, plus interest thereon at the highest legal rate allowed by law;

3. That Bonitz have and recover judgment under the Payment Bond against GCB, Hanover and Hartford, jointly and severally, in the principal amount of $150,641.43, plus interest determined consistent with the terms of § 3905(b)(2) and the rates published in the Federal Register, attorneys' fees, and costs as allowed by law;

4. That the Court enter an Order staying this action pending arbitration in accordance with the Subcontract and Federal Arbitration Act;

5. That the Court tax the costs of this action against Defendants;

6. That Bonitz recover its attorneys' fees as allowed by law; and

7. That Bonitz have and recover such other and further relief as the Court may deem just and proper.

**[Signature Block on Following Page]**

                        **JOHNSTON, ALLISON & HORD, P.A.**

By: /s/ J. Nathanial Pierce
     J. Nathanial Pierce, Fed. Bar. No. 12648
     npierce@jahlaw.com
     Montana Y. Reiser, Fed. Bar. No. 13905
     mreiser@jahlaw.com
     1065 East Morehead Street
     Charlotte, NC 28204
     Telephone: 704-332-1181
     Facsimile: 704-376-1628

Charlotte, NC
August 14, 2023

ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA, FOR THE USE OF BONITZ, INC. F/K/A BONITZ FLOORING GROUP, INC.